*United States Bankruptcy Court for the Northern District of California*
*San Jose Division*

In re:    **George Earl Weisel**
          **Angelina Cecilia Weisel**                    Case No.:

## RIGHTS AND RESPONSIBILITIES OF CHAPTER 13
## DEBTORS AND THEIR ATTORNEYS

It is important for debtors who file a bankruptcy case under Chapter 13 to understand their rights and responsibilities. It is also important that the debtors know what their attorney's responsibilities are, and understand the importance of communicating with their attorney to make the case successful. Debtors should also know that they may expect certain services to be performed by their attorney. In order to assure that debtors and their attorney understand their rights and responsibilities in the bankruptcy process, the following guidelines provided by the court are hereby agreed to by the debtors and their attorneys. Unless the Court orders otherwise,

*BEFORE THE CASE IS FILED*

   *The debtor agrees to:*

1.    Provide the attorney with accurate financial information.
2.    Discuss with the attorney the debtor's objectives in filing the case.

   *The attorney agrees to:*

1.    Meet with the debtor to review the debtor's debts, assets, liabilities, income, and expenses.
2.    Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.
3.    Explain what payments will be made directly by the debtor and what payments will be made through the debtor's Chapter 13 plan, with particular attention to mortgage and vehicle loan payments, as well as any other claims which accrue interest.
4.    Explain to the debtor how, when, and where to make the Chapter 13 plan payments.
5.    Explain to the debtor how the attorney's fees and trustee's fees are paid and provide an executed copy of this document to the debtor.
6.    Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the date the plan is filed.
7.    Advise the debtor of the requirement to attend the 341 Meeting of Creditors, and instruct the debtor as to the date, time and place of the meeting.
8.    Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.
9.    Timely prepare and file the debtor's petition, plan, statements and schedules.

*AFTER THE CASE IS FILED*

   *The debtor agrees to:*

1.    Keep the trustee and attorney informed of the debtor's address and telephone number.
2.    Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
3.    Contact the attorney promptly if the debtor loses his/her job or has other financial problems.
4.    Let the attorney know if the debtor is sued during the case.
5.    Inform the attorney if any tax refunds the debtor is entitled to are seized or not returned to the debtor by the IRS or Franchise Tax Board.
6.    Contact the attorney before buying, refinancing, or selling real property or before entering into any long-term loan agreements to find out what approvals are required.
7.    Pay any filing fees and expenses that may be incurred directly to the attorney.

   *The attorney agrees to provide the following legal services:*

1.    Appear at the 341 Meeting of Creditors with the debtor.
2.    Respond to objections to plan confirmation, and where necessary, prepare an amended plan.
3.    Prepare, file, and serve necessary modifications to the plan which may include suspending, lowering, or increasing plan payments.
4.    Prepare, file, and serve necessary amended statements and schedules, in accordance with information provided by the debtor.
5.    Prepare, file, and serve necessary motions to buy, sell, or refinance real property when appropriate.
6.    Object to improper or invalid claims, if necessary, based upon documentation provided by the debtor.
7.    Represent the debtor in motions for relief from stay.

8. Where appropriate, prepare, file, and serve necessary motions to avoid liens on real or personal property.
9. Provide such other legal services as are necessary for the administration of the present case before the Bankruptcy Court.

The "Guidelines for Payment of Attorney's Fees in Chapter 13 Cases for the San Jose Division" provides for maximum initial fees in the following amounts:

| | |
|---|---|
| $2750 for the basic case: and an additional | $1500 if the case involves an operating business; |
| $300 if the compromise plan is used; | $800 if the case involves support arrears claims; |
| $850 if the case involves real property claims; | $300 if the case involves student loans; |
| $500 per each additional piece of real property | $300 if the case involves 25 or more creditors, |
| with an encumbrance of at least $10,000; | including collection agencies and attorneys; |
| $700 if the case involves state or federal tax claims; | $450 if the case involves motions to commence |
| $700 if the case involves vehicle loans or leases; | or extend the automatic stay; |

Initial fees charged in this case are $__4,300.00__. In addition to these initial fees, in the following situations the attorney may apply to the court for the additional fees shown below which shall be approved upon application:

For filed post-confirmation plan modifications:
    --not requiring amended Schedules I & J ($400)
    --requiring amended Schedules I & J ($600)

For permission to sell, refinance, or purchase real property, or if on or more motions to avoid judicial liens, has been filed:
--not requiring court hearing ($500)
--requiring court hearing ($750)

For new motion for relief from the automatic stay, excluding unopposed motion, filed after one year from the petition date:
    --regarding personal property ($400)
    --regarding real property ($600)

For motions to dismiss, convert, or reconvert, excluding Trustee's Notices of Default regarding plan payments ($450)

For preparation of tax returns: This is not required by debtor's counsel, but is optional. ($200 each year)

In addition, if the above fees ordered by the court are not sufficient to compensate the attorney for the legal services rendered and costs incurred in the case, the attorney further agrees to apply to the court for approval of such fees and costs, attaching a supporting declaration with time records justifying that said fees and costs are merited and have not been compensated within the amounts previously ordered. Reimbursement of advanced court fees shall be awarded independently of other fees and costs. Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer.

If the debtor disputes the legal services provided or the fees charged by the attorney, an objection may be filed with the court and the matter set for hearing. The attorney may move to withdraw or the client may discharge the attorney at any time.

Date **August 20, 2009**     Signature **/s/ George Earl Weisel**
                                              **George Earl Weisel**
                                              Debtor

Date **August 20, 2009**     Signature **/s/ Angelina Cecilia Weisel**
                                              **Angelina Cecilia Weisel**
                                              Joint Debtor

Attorney **/s/ Michael W. Malter**
                **Michael W. Malter #96533**

rev. 06/06