1  MICHAEL W. MALTER, #96533
   DAVID B. RAO, #103147
2  Binder & Malter, LLP
   2775 Park Avenue
3  Santa Clara, CA 95050
   Telephone: (408)295-1700
4  Facsimile: (408) 295-1531
   Email: Michael@bindermalter.com
5
   Attorney for Debtors
6

7              UNITED STATES BANKRUPTCY COURT
8          NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5
9

10 In re                                    Case No. 09-56955-RLE
11 GEORGE EARL WEISEL, dba ONE              Chapter 13
   CALL PROPERTY SERVICE and
12 ANGELINA CECILIA WEISEL,                 DATE:   September 16, 2010
                                            TIME:   2:00 p.m.
13                          Debtors.        ROOM: 3099
14
15
16        **MOTION TO VALUE COLLATERAL AND AVOID LIEN**

17        COMES NOW Debtors George Earl Weisel and Angelina Cecilia Weisel and

18 move the Court to value the collateral and enter an order avoiding the Abstract of

19 Judgment held by James Parivash, Effat Parivash and New England Glass & Dorr, Inc.

20 (hereinafter the "Lienholders") on the grounds the Abstract of Judgment is wholly

21 unsecured. In support of this motion, the Debtors state the following:

22        1.    On May 6, 2009, the Debtors filed a voluntary petition under Chapter 7

23 Case No. 09-53442-RLE. The Debtors received a discharge in their Chapter 7 case on

24 August 11, 2009.

25        2.    The Debtors commenced Case No. 09-56955-RLE by filing a voluntary

26 petition under Chapter 13 in the United States Bankruptcy Court for the Northern

27 District of California, San Jose Division, on August 20, 2009. Because of the discharge

28 the Debtors received in their Chapter 7 case, they are not entitled to receive a

Case: 09-56955   Doc# 35   Filed: 08/12/10   Entered: 08/12/10 10:32:38   Page 1 of 3

1    discharge in this case (11 U.S.C. section 1328(f)).

2        3.    The assets of the Debtors include real property commonly known as 540

3    Mac Arthur Avenue, San Jose, California, 95128, A.P.N. 277-31-043 [hereinafter the

4    "Property"].  The Property is more particularly described as set forth in Exhibit "A"

5    attached to the Declaration of George Weisel filed herewith.

6        4.    On or about October 19, 2007, the Lienholders recorded an Abstract of

7    Judgment in the Official Records of Santa Clara County, Document No. 19624993.  The

8    original amount of the Abstract of Judgment in favor of Lienholders was $815,025.00.

9        5.    The Debtors are informed and believe that the Lienholders Abstract of

10   Judgment had a balance, as of the filing of the Petition, of $815,025.00.

11       6.    As of the date of the filing of the Petition, the Property was encumbered as

12   follows:

13   Property Taxes                          $0.00

14   1st Trust Deed Note - Downey Savings     $595,241.29

15   Subtotal Senior Encumbrances                              $595,241.29

16   2nd Trust Deed - CitiMortgage, Inc.      $84,822.33

17                                           Total:           $680,063.62

18       6.    As of the date of the filing of the Petition, the Property had a fair market

19   value of $468,500.  The Debtors base this valuation upon a report from Zillow.com of

20   the Property which was done a couple of days prior to filing of their Petition and upon

21   their personal knowledge as the property owners.  Based upon this good faith estimate,

22   the Property was listed on their Schedule A with a fair market value in the sum of

23   $468,500.  See the Declaration of George Weisel filed herewith.

24       7.    Accordingly, the claim of the Lienholders for repayment of the Abstract of

25   Judgment is wholly unsecured because the sum of the senior encumbrances on the

26   Property was greater than the value of the Property on the date of the filing of the

27   Petition.

28       WHEREFORE, the Debtors pray for an order:

Case 09-56955   Doc# 35   Filed: 08/12/10   Entered: 08/12/10 10:32:38   Page 2 of 3

1      1.    Valuing the Property at $468,500 as of the date of the filing of the Petition;

2      2.    Valuing the lien of Lienholders at zero for purposes of the Debtors' Chapter

3    13 Plan and further determining that this lien is entirely, permanently, and for all other

4    purposes void and unenforceable conditioned only on the Debtors' completing all

5    payments required under their Chapter 13 Plan.

6      3.    Authorizing the Debtors to obtain a final judgment after completion of their

7    Chapter 13 Plan consistent with the Court's Guidelines for Valuing and Avoiding Liens

8    in Individual Chapter 11 Cases and Chapter 13 Cases.

9      4.    For such other and further relief as is just and equitable.

10   Dated: August 12, 2010                    BINDER & MALTER, LLP

11

12                                             By: /s/ Michael W. Malter
                                               Michael W. Malter, Esq.
13                                             Attorney for Debtors

14

15

16

17

18

19   F:\Clients\Weisel, George & Angelina\Pleading\Lien Avoidance\Parivash, James\Motion to Value Collateral.wpd

20

21

22

23

24

25

26

27

28

MOTION TO VALUE COLLATERAL AND AVOID LIEN -